IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ANDREW ELLIOTT,<br><br>    Plaintiff,<br><br>  vs.<br><br>REGISTRAR OF CONTRACTORS, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-10-0174-LKK-CMK<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names as defendants California's Contractor's State License Board, as well as various of its members and/or employees.  Plaintiff's lawsuit challenges a decision by a state administrative law judge to deny him a state contractor's license.  Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).  In essence, plaintiff seeks by way of this action a judgment from this court rejecting the bases for denial of a contractor's license.  The court finds that it should abstain from exercising jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1   Based on the foregoing, the undersigned recommends that this action be
2 dismissed.
3   These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court. Responses to objections shall be filed within 14 days after service of
7 objections. Failure to file objections within the specified time may waive the right to appeal.
8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: September 12, 2011

                                                     _____
                                                     **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE