IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ANDREW ELLIOTT, | No. 2:10-cv-0174-LKK-CMK |
| Plaintiff, | |
| vs. | ORDER |
| REGISTRAR OF CONTRACTORS, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

    The undersigned originally screened plaintiff's complaint and found that this court should abstain from exercising jurisdiction over plaintiff's claims under the Rooker-Feldman abstention doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The undersigned therefore recommended that this action be dismissed.  The district court declined to adopt the findings and recommendations, determining that it is unclear whether there was a final determination in a judicial proceeding.  The undersigned was then directed to determine whether there is any other basis for screening the complaint.

    As stated in the undersigned's prior screening order, plaintiff names as defendants the California Contractor's State License Board, as well as various of its members and/or employees.  Plaintiff's lawsuit challenges a decision by a state administrative law judge to deny him a state contractor's license.  He states that he brings this case under 42 U.S.C. § 1983 for violation of his civil rights.  Specifically he claims the defendants' handling of the decision to deny him a state contractor's license violated his due process and equal protection rights.

    The undersigned finds several defects in plaintiff's case.  First, it appears that the defendants plaintiff has named in this action may be immune from this suit.  Second, it appears that plaintiff is unable to state a claim for violation of his equal protection rights, as he attempts to do.  Finally, it is still unclear to the undersigned whether this action should properly proceed in this court.

/ / /

/ / /

As stated above, the defendants named in this action all appear to all be employees of a state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under §1983).  It is unclear from plaintiff's complaint whether or not he is suing these individuals in their official or personal capacities.  In the complaint, plaintiff states the individual defendants "are being sued in their representative capacity and as a result of decisions they individually made which impaired plaintiff's rights." (Compl., Doc. 1, at 2).  Thus, it appears he is in fact naming these defendants in their official capacity, for actions performed in that capacity.  If that is the case, the defendants would be immune from this suit.  Similarly, plaintiff's claims against the agency itself fall well within the Eleventh Amendment immunity protection.

As to plaintiff's equal protection claim, plaintiff fails to plead sufficient facts to state a claim.  To state a claim for a violation of the equal protection clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff fails to allege membership in any protected class.  Rather, plaintiff's claim appears to rest on being treated different from other applicants based on an old history of drug use.  This is not a protected class, and plaintiff has thus failed to state a claim for violations of his rights under the Equal Protection clause.

1        Finally, it remains unclear whether this action should proceed in this court.  As the
2   undersigned set forth in the prior review of plaintiff's complaint, this court lacks jurisdiction to
3   hear matters already decided in state court under the Rooker-Feldman abstention doctrine.  See
4   Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v.
5   Feldman, 460 U.S. 462 (1983).  Plaintiff is in essence, seeking to have this court review the
6   decision denying him a state contractor's license.  The district court determined there was
7   insufficient information to determine whether the decision being challenged was a final
8   determination in a judicial proceeding.  Plaintiff indicates the decision denying his license was
9   reviewed by an Administrative Law Judge.  However, he fails to inform this court whether that
10  decision is a "final order," whether there were additional state judicial remedies available to him,
11  and whether he availed himself of any of those additional state remedies.  Thus, if plaintiff
12  wishes to proceed with this action in this court, he will be required to provide this court with
13  additional information for this court to determine whether the Rooker-Feldman abstention
14  doctrine applies.  Plaintiff is required to inform the court as to what additional administrative or
15  judicial remedies were available to him, and how he availed himself of those remedies, such as
16  any potential opportunity for state judicial review of the Administrative Law Judge's decision.

17       Because it is possible that the deficiencies identified in this order may be cured by
18  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
19  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
20  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
21  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
22  amend, all claims alleged in the original complaint which are not alleged in the amended
23  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
24  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
25  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
26  complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must cure the defects identified above.  He must plead sufficient facts to show the defendants he has named are not immune from suit under the Eleventh Amendment, that he is included in some protective group giving rise to his equal protection claim, and that this court has jurisdiction to hear this action under the Rooker-Feldman abstention doctrine.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a amended complaint within 30 days of the date of service of this order.

DATED:  February 20, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE